# EXHIBIT A

SCARINCI & HOLLENBECK, LLC
ATTORNEYS AT LAW
1100 Valley Brook Avenue
P.O. Box 790
Lyndhurst, New Jersey 07071-0790
(201) 896-4100
Attorneys for Plaintiff

RECEIVED & FILED
OFFICE OF THE
SUPERIOR COURT

2008 MAR 17 PM 12: 04

BY DEPUTY CLERK OF
THE SUPERIOR COURT
SUSSEX COUNTY

| | |
|---|---|
| BACHMANN SOFTWARE & SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTOUCH GROUP, INC.,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SUSSEX COUNTY<br>DOCKET NO.<br><br>SSX - L - 174 - 08<br>Civil Action<br><br>COMPLAINT |

Plaintiff, Bachmann Software & Services, LLC, by way of Complaint against the Defendant, intouch Group, Inc., says:

**PARTIES**

1. Plaintiff is a corporation organized under the laws of the State of New Jersey with its principal place of business located at 270 Sparta Avenue, Sparta, New Jersey.

2. Upon information and belief, Defendant intouch Group, Inc. is a California corporation, with its principal place of business located at 1003 Camellia Street, Berkeley, California.

**FACTS COMMON TO ALL COUNTS**

1. On or about October 24, 2007, Plaintiff Bachmann Software & Services, LLC ("Bachmann") and Defendant intouch Group, Inc. ("intouch") entered into a Development Agreement ("Agreement") pursuant to which Bachmann was to provide mobile software

{00363270.DOC}

development services to intouch. Services were to be performed by Bachmann, remotely, in New Jersey.

2. The Agreement provides that the software development services are to be provided in a series of short development efforts called "Sprints."

3. In accordance with the terms of the Agreement, each discrete Sprint is to be invoiced separately by Bachmann upon completion of the work and acceptance by intouch.

4. Ownership of the source code developed by Bachmann for each Sprint remains with Bachmann unless and until payment for that Sprint is made by intouch.

5. The Agreement further provides:

In order for Bachmann to allow InTouch to have real-time access to current ongoing source code, payments against submitted invoices must be made in a timely manner. Payments are due no later than Net 15 from receipt of invoice.

6. Bachmann provided services in accordance with the terms of the Agreement and submitted invoices for work performed on Sprints 1-10.

7. Despite the clear and unambiguous language of the Agreement, intouch has failed and refused to pay Bachmann for Sprints 8, 9 and 10, totaling $59,000.00. Those invoices were submitted to intouch on December 17, 2007, January 8, 2008, and January 25, 2008, respectively.

8. Not only has intouch failed and refused to pay the outstanding invoices for Sprints 8, 9 and 10 as required under the Agreement, but also intouch has, upon information and belief, been using the source codes for each unpaid Sprint – contrary to the ownership rights of Bachmann and the express terms of the Agreement.

## FIRST COUNT
### (Breach of Contract)

1. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

2. Plaintiff and Defendant entered into a valid contract for the development of mobile software development services as described herein.

3. Plaintiff performed its obligations in accordance with the contract.

4. Defendant breached its contract with Plaintiff in that, among other things, Defendant failed and refused to pay for services rendered in accordance with the terms of the contract. Moreover, Defendant has used and, upon information and belief, continues to use, and allow its customers to use, the source codes for each unpaid Sprint, contrary to the ownership rights of Plaintiff and the express terms of the contract.

5. As a direct and proximate result of Defendant's breach of contract, Plaintiff sustained, and will continue to sustain, substantial damages.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, punitive damages, costs, interest, attorneys fees, and such further relief as this Court deems just and proper.

## SECOND COUNT
### (Conversion)

1. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

2. Defendant's appropriation of, among other things, Plaintiff's developed program and source code, without payment therefor, has deprived Plaintiff of its property.

3. Defendant has not returned Plaintiff's property and continues to exercise unauthorized dominion and control over the property.

4. As a result of Defendant's actions, Plaintiff has been and will continue to be irreparably injured thereby.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, punitive damages, costs, interest, attorneys fees, and such further relief as this Court deems just and proper.

### THIRD COUNT
(Unjust Enrichment)

1. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

2. Defendant received the benefit of the actions described above including, but not limited to, the benefits flowing from Defendant's use and enjoyment of Plaintiff's developed program and source code, without having paid for same.

3. As a result of Defendant's acts, Defendant was unjustly enriched and Plaintiff has suffered injury.

4. Defendant's retention of the benefits described above, without payment to Plaintiff therefor, would be unjust.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, punitive damages, costs, interest, attorneys fees, and such further relief as this Court deems just and proper.

## FOURTH COUNT
### (Equitable Fraud)

1. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

2. Defendant made numerous material representations/omissions of fact including but not limited to those relating to (1) Defendant's assurances that Plaintiff would be paid for work performed; (2) Defendant's failure to provide Plaintiff with notification of alleged defects as required under the Agreement; and (3) otherwise acting in a manner consistent with moving forward with the Agreement, despite Defendant's apparent intent not to pay Plaintiff for services rendered.

3. Defendant expected and intended that Plaintiff would rely on these material misrepresentations, actions and omissions.

4. Plaintiff did, in fact, reasonably rely on the material misrepresentations, actions and omissions.

5. As a result, Plaintiff has sustained, and will continue to sustain, substantial damages.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, punitive damages, costs, interest, attorneys fees, and such further relief as this Court deems just and proper.

## FIFTH COUNT
### (Declaratory Judgment and Injunctive Relief)

1. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

2. Plaintiff's rights, status or other legal relations are affected by the contract described herein.

3. Plaintiff seeks to have determined a question of construction or validity arising under the contract described herein and to obtain a declaration of rights, status or other legal relations thereunder.

4. Plaintiff seek a declaration that:

    (a) Defendant is in breach of the contract;

    (b) Plaintiff has been damaged by the breach of the contract;

    (c) Pursuant to the terms of the contract, ownership of the Bachmann developed source code for Sprints 8, 9, and 10 remains with Bachmann;

    (d) Defendant is permanently enjoined from utilization in any manner of the Bachmann developed source code;

    (e) Defendant is permanently enjoined from providing to its customers, or any other third parties, information about or access to the Bachmann developed source code;

    (f) Defendant must remove all aspects of the subject source code from intouch's servers, destroy any software products which contain and/or concern the subject source code, and return same to Bachmann; and

    (g) For such other relief as this Court deems just and proper.

### SIXTH COUNT
(Promissory Estoppel/Detrimental Reliance)

1. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

2. Defendant made numerous material representations/omissions of fact including but not limited to those relating to (1) Defendant's assurances that Plaintiff would be paid for work performed; (2) Defendant's failure to provide Plaintiff with notification of alleged defects as required under the Agreement; and (3) otherwise acting in a manner consistent with moving forward with the Agreement, despite Defendant's apparent intent not to pay Plaintiff for services rendered.

3. Defendant expected and intended that Plaintiff would rely on these material misrepresentations, actions and omissions and that they would, among other things, induce Plaintiff to continue providing services to Defendant.

4. Plaintiff did, in fact, reasonably rely on the material misrepresentations, actions and omissions and Plaintiff, among other things, continued to provide services to Defendant.

5. Plaintiff relied on these representations to its detriment as is fully set forth herein.

6. As a result, Plaintiff has sustained, and will continue to sustain, substantial damages.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, punitive damages, costs, interest, attorneys fees, and such further relief as this Court deems just and proper.

## SEVENTH COUNT
### (Book Account)

1. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

2. There is due and owing from Defendant the sum of $59,000.00 on a certain book account relating to Invoices 20060228, 20060232, and 20060236 (Sprints 8, 9, and 10, respectively).

3. Plaintiff has demanded payment from Defendant and payment has not been made.

4. Plaintiff sues Defendant for the goods and services rendered and provided to or on behalf of Defendant, upon the promise by Defendant to pay the agreed amount.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, punitive damages, costs, interest, attorneys fees, and such further relief as this Court deems just and proper.

### EIGHTH COUNT
### (Quantum Meruit)

1. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

2. Plaintiff sues Defendant for the reasonable value of goods and services rendered, sold and/or delivered by Plaintiff to or on behalf of Defendant upon the promise of Defendant to pay a reasonable price for the same.

3. Payment has been demanded by Plaintiff from Defendant and it has not been made.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, punitive damages, costs, interest, attorneys fees, and such further relief as this Court deems just and proper.

### NINTH COUNT
### (Breach of Good Faith and Fair Dealing)

1. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

2. Implied in the every contract is a requirement that each party to the contract act in good faith and deal fairly with the other party in performing the terms of the contract.

3. Defendant was required to act in good faith and deal fairly with Plaintiff in performing the terms of the Agreement between Plaintiff and Defendant.

4. Defendant breached its covenant of good faith and fair dealing by, among other things, failing to pay Plaintiff as required under the Agreement; continuing to use Plaintiff's developed source code contrary to the ownership rights of Bachmann and the express terms of the Agreement; failing to provide Plaintiff with notification of any alleged defects as required under the Agreement; and otherwise acting in a manner consistent with moving forward with the Agreement, despite Defendant's apparent intent not to pay Plaintiff for services rendered.

5. As a direct and proximate result of Defendant's breach of good faith and fair dealing, Plaintiff sustained, and will continue to sustain, substantial damages.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, punitive damages, costs, interest, attorneys fees, and such further relief as this Court deems just and proper.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Thomas J. Cafferty, is hereby designated as trial counsel.

SCARINCI & HOLLENBECK, LLC
Attorneys for Plaintiff
Bachmann Software & Services, LLC

By: _____
THOMAS J. CAFFERTY

Dated: March 14, 2008

## RULE 4:5-1 CERTIFICATION

Pursuant to the requirements of R. 4:5-1, I certify that the matter in controversy is not the subject of any other Court or Arbitration proceeding, nor is any other Court or Arbitration proceeding contemplated, except that plaintiff reserves its right to amend the Complaint to add a violation of N.J.S.A. 59:3-3 within the time permitted by law. No other parties should be joined in this action.

*RECEIVED & FILED OFFICE OF THE SUPERIOR COURT 2008 MAR 17 PM 12:04 BY DEPUTY CLERK THE SUPERIOR COURT SUSSEX COUNTY*

THOMAS J. CAFFERTY

Dated: March 14, 2008